HARRY O. WOODS, JR. AND MARTHA L. WOODS, Parents of Judy Woods *v.* DEPARTMENT OF SOCIAL SERVICES

[No. 316, September Term, 1970.]

*Decided January 11, 1971.*

The cause was argued before ORTH, MOYLAN, and POW-ERS, JJ.

*Stephen A. Tarrant, Assistant Public Defender of Harford County,* with whom was *Henry C. Engel, Jr., Public Defender of Harford County,* on the brief, for appellants.

*Robert A. DiCicco, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Edwin H. W. Harlan, Jr., State's Attorney for Harford County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

### THE PROCEEDINGS

On 19 September 1969 a petition entitled "IN RE THE MATTER OF JUDY WOODS" was filed in the Circuit Court for Harford County sitting as a Juvenile Court. Code, Art. 26, § 51. The petitioner was Mrs. Mary L. Mack, Department of Social Services, Bel Air, Maryland, and alleged that Judy Woods, under the age of 18 years,[1] "is NEGLECTED * * * and is by reason thereof, in need of care and treatment." It gave the father of the child as Harry O. Woods, Jr. and the mother as Martha L. Woods, both residing at 2753 Augusta Avenue, APG, Md.

---

1. The date of birth is stated to be 14 July 1967.

The child was stated to be living with a custodian, "Department of Social Services, 119 S. Hayes St., Bel Air, Md." The grounds for the petition were: "the said child who suffers or is likely to suffer serious harm from an improper home environment." The petitioner prayed that the Court make such findings and pass such order as may be deemed proper. On the back of the petition the "parents, guardian, custodian" were advised of the right to be represented by counsel at the hearing and upon showing of financial inability to employ counsel, an Attorney would be appointed for the child "in certain cases." There was the further advice of the right to summons witnesses. On the same day the court ordered that Judy be committed to the control and custody of Dept. of Social Services for temporary placement, the court retaining jurisdiction over her. On 22 September Judy's father filed a petition alleging he was without funds to employ counsel for the child and prayed "for the assignment of counsel to represent Juvenile at the Hearing" in the cause. There is written on the petition over the signature of the presiding judge: "9/25/1969—Petition granted with the intention that Parent pay something on account of Service of Public Defender." On 26 September the court appointed the Public Defender for Harford County to represent the juvenile. At a preliminary hearing the same date Shelter Care of the child was continued "until further investigation is made." On 27 October the case was continued—"Mrs. Woods has consented to hospital evaluation for herself." On 15 January 1970 records ordered by the court from Walter Reed Hospital were received and filed. The matter was before the court on 25 February, 27 February, 13 March and 25 March. On 2 April 1970 the court passed a disposition order and a commitment order. The disposition order read:

> "Upon agreement of counsel for Petitioner and counsel for the parents of the juvenile, that all of the matters and facts which would ordinarily be obtained from social studies and re-

ports in aid of disposition are contained in the record of the adjudicatory hearing herein; and that a formal disposition hearing is therefore unnecessary.

It is hereby determined this 2nd day of April, 1970, that disposition of this case shall be that the juvenile, Judy Woods, be placed outside of her home. The Court assigns as reasons for this disposition those grounds set forth in the Statement Of Grounds Upon Which Adjudicatory Determination Based heretofore filed and they are hereby incorporated herein by reference thereto."

The commitment order read:

"WHEREAS, it has been duly adjudged after hearing before the Circuit Court for Harford County, sitting as a Juvenile Court, that Judy Woods is a neglected child,

IT IS THEREFORE ORDERED, this 2nd day of April, 1970, by the Circuit Court for Harford County, sitting as a Juvenile Court, that you shall receive said Judy Woods to be kept in your care and custody, subject to the further Order of this Court."

The Statement of Grounds dated 1 April which was incorporated in the disposition order assigned as the ground for the court's determination that Judy was neglected the following:

"1. She is a child who suffers and is likely to suffer serious harm from an improper home environment because

(a) She was caused to be hospitalized as a result of an episode at home of breathing difficulty and cyanosis, while her mother, Martha L. Woods, was present alone with her.

(b) Five other children died on prior separate occasions of an episode of a similar nature

which occurred at home or commenced at home while Martha L. Woods was present alone with them in at least four of those cases."

### THE LAW

The purposes of the subtitle "Juvenile Causes" in Code, Art. 26, are spelled out in § 70. They are:

"(1) To provide for the care, protection and wholesome mental and physical development of children coming within the provisions of this subtitle;

(2) To remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior, and to substitute therefor a program of treatment training, and rehabilitation consistent with the protection of the public interest;

(3) To place a child in a wholesome family environment whenever possible;

(4) To separate a child from his parents only when necessary for his welfare or in the interests of public safety;

(5) To provide judicial procedures for carrying out the provisions of this subtitle."

There is direction that "[t]his subtitle be liberally construed to effectuate these purposes." A "neglected child" means a child [2] who requires the aid of the court and includes a child "[w]ho suffers or is likely to suffer serious harm from an improper home environment or guardianship * * *." § 70-1 (j) (3). The Juvenile Court has exclusive jurisdiction over children alleged to be neglected children. § 70-2 (a) (3). The allegations that a child is neglected shall be proved by a preponderance of the evidence, § 70-18 (c), and the rules of evidence applicable to civil cases shall apply, Rule 912 c.[3] The Juvenile Court

---

2. " 'Child' means a person who has not reached his 18th birthday."
3. Only in a determination that a child is delinquent and in cases in which an adult is charged under the subtitle must the al-

has exclusive jurisdiction to try any person who has reached his 18th birthday for any wilful act or omission causing a child to be adjudicated neglected, delinquent or in need of supervision. § 70-2 (a) (7). Such person shall have the right to elect to be tried either in the juvenile court or in the criminal court, according to the usual criminal procedure. § 70-2 (e) (3).

Section 70-25 provides: "An aggrieved party may appeal from any final order, judgment, or decree of the juvenile court to the Court of Special Appeals in the manner prescribed by the Maryland Rules."

## THE INSTANT CASE

The parents of the child named in the petition appeal to this Court as parties aggrieved by the order determining their child to be a neglected child.[4] They contend:

> (1) They were charged with a crime and the degree of proof of the charge was beyond a reasonable doubt;
> (2) The evidence was not sufficient to support the finding that they were guilty of child neglect;
> (3) Their right under the confrontation clause of the 6th Amendment to the federal constitution was violated.

### (1)

We find it pellucidly clear that the petition here did not charge either parent under § 70-2 (a) (7). By its terms it did not allege any wilful act or omission on the part of either parent which could cause the child to be adjudicated neglected. The allegation was simply that Judy Woods was a neglected child. Under the petition the Juvenile Court had no power to try either parent or punish them and it made no attempt to do so. The only

---

legations be proved beyond a reasonable doubt. § 70-18 (a) and (b). In delinquency hearings the rules of evidence applicable to criminal cases shall apply. Rule 912 c.

4. " 'Party' means a child named in a petition, or his parent, guardian or custodian." § 70-1 (e).

determination was that Judy Woods was a neglected child and the disposition of the matter was that she be placed outside her home. And we observe that the court, upon petition of the father, appointed counsel for the child, not the parents. Thus the allegations were properly to be proved by a preponderance of the evidence and it was not required that they be established beyond a reasonable doubt. We hold the lower court did not err in ruling that the petition did not charge appellants either with a crime or under the Juvenile Act. Nor did the court err in ruling that the allegations were not required to be proved beyond a reasonable doubt but only by a preponderance of the evidence.

### (2)

The finding was not, as appellants assert, that they were found guilty of child neglect. The court did not determine that appellants' acts or omissions caused the child to be adjudicated neglected for that matter was not before it. It only found that the child was a neglected child. The result of that determination was that the child was adjudicated neglected, nothing more.

We have carefully reviewed the evidence and find that it was sufficient in law to support the determination that the child suffered and was likely to suffer serious harm from an improper home environment. There was evidence tending to show that the child was hospitalized as a result of an episode at home of breathing difficulty and cyanosis while Mrs. Woods was alone with her. Five other children died on prior separate occasions of an episode of a similar nature which occurred at home or commenced at home. In at least four of these cases, only Mrs. Woods was present.[5] On this evidence we cannot say that the court's judgment was clearly erroneous. Maryland Rule 1086.

---

5. Paul Woods, one of the children who died, was the brother of Judy. They had been adopted by Mr. and Mrs. Woods. Three of Mrs. Woods' natural children by a former marriage had died under comparable circumstances. The fifth child was the child of a neighbor. It died while Mrs. Woods was babysitting.

### (3)

As we have seen, appellants were neither charged nor tried in the proceeding here reviewed and were not subject to punishment thereunder. Thus none of the evidence was "against them" and the constitutional right "to be confronted with the witnesses" was simply not applicable as to them.

In short, all of appellants' contentions fall because they are predicated upon the incorrect premise that appellants were charged and tried under the Juvenile Act. It is clear that they were not.

> *Order of disposition and order of commitment affirmed.*